1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

| | |
|---|---|
| JEANNE SUNDQUIST,<br><br>Plaintiff,<br><br>v.<br><br>BRE PROPERTIES, INC., d/b/a<br>PINNACLE ON LAKE WASHINGTON;<br>BRE-FMCA, LLC,<br><br>Defendants. | CASE NO. C11-0209-JCC<br><br>ORDER DENYING DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT |

15
16
17

This matter comes before the Court on Defendants' motion for summary judgment (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Defendants' motion for the foregoing reasons.

18

## I.    BACKGROUND

19
20
21
22
23
24
25
26

According to the allegations in this case, on December 5, 2009, shortly after she stepped out of her car, Plaintiff slipped and fell on a patch of ice located in the parking lot of the Pinnacle on Lake Washington Apartments ("Pinnacle" or "Pinnacle apartments"). The fall resulted in a burst fracture in the T-12 level of Plaintiff's spine, which was treated surgically. Subsequently, Plaintiff brought this suit against the owners of the Pinnacle Apartments for negligence, asserting that they breached their duty as landowners to maintain the common areas of the Pinnacle apartments in a reasonably safe condition. Defendants now move for summary judgment.

1   **II.  DISCUSSION**

2       **a.  Summary Judgment**

3       A federal district court may enter summary judgment pursuant to Rule 56 of the Federal

4   Rules of Civil Procedure where the "movant shows that there is no genuine dispute as to any

5   material fact and the movant is entitled to judgment as a matter of law." The party seeking

6   summary judgment "bear[s] the initial burden of informing the district court of the basis for its

7   motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its

8   burden, it is entitled to summary judgment if the nonmoving party fails to designate "by

9   affidavits, depositions, answers to interrogatories, or admissions on file, specific facts showing

10  that there is a genuine issue for trial." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912,

11  919 (9th Cir. 2001). At the summary judgment stage, evidence must be viewed in the light most

12  favorable to the nonmoving party, and all justifiable inferences are to be drawn in the

13  nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

14      **b.  Landowner Negligence Claims**

15       "A landowner has an affirmative duty to maintain common areas in a reasonably safe

16  condition." *Mucsi v. Graoch Assocs. Ltd. P'ship*, 31 P.3d 684, 687 (Wash. 2001). "This duty

17  extends to the removal of snow and ice and is based upon the tenant's expectation that the

18  premises have been made safe for the tenant's use." *Id*. at 688. Pursuant to the traditional rule, in

19  order to prevail on a negligence claim against a landowner, "a plaintiff must prove (1) the

20  landowner had actual or constructive notice of the danger, and (2) the landowner failed within a

21  reasonable time to exercise sensible care in alleviating the situation." *Id*. at 689. "To prove

22  constructive notice, the plaintiff must prove the specific unsafe condition had 'existed for such

23  time as would have afforded [the landowner] sufficient opportunity, in the exercise of ordinary

24  care, to have made a proper inspection of the premises and to have removed the danger.'" *Id*.

25  (citations omitted).

26

### c. **Analysis**

Defendants argue that Plaintiff has not set forth significantly probative evidence to support a necessary element of her claim, namely that Defendants had actual or constructive notice of the dangerous condition. (Dkt. No. 20 at 6.) In this respect, Defendants maintain that Mr. Kapsiak conducted a proper inspection of the premises and that the patch of ice that Plaintiff fell on was undetectable as it was "invisible black ice." (Dkt. No. 20 at 2.)

The Court finds that – contrary to Defendants' repeated assertions – Plaintiff has shown that a material issue of fact exists as to whether the relevant patch of ice was visible or otherwise detectable. As Plaintiff points out, Melinda Pongpanik, the office employee on staff on the day of Plaintiff's fall, took a picture of the area where Plaintiff fell shortly after the accident that appears to show an area of ice. (Dkt. No. 14 at 13.) Ms. Pongpanik also wrote a report about an hour after the accident in which she described the conditions at the site of the accident as follows: "The whole back side of the A building was shaded and covered in black ice." (Dkt. No. 15-4 at 18.) The testimony of other contemporaneous observers supports the notion that the ice in the parking lot where Plaintiff fell was detectable. For example, the emergency medical technician who responded to Plaintiff's 911 call testified that there was "a lot of ice in the parking lot where [Plaintiff] fell" and that the parking lot was so slippery, it felt like "an ice rink." (Dkt. No. 19 at 2.)

Plaintiff has also submitted evidence indicating that the patch of ice that resulted in Plaintiff's fall "existed for such time" as to afford Defendants "sufficient opportunity, in the exercise of ordinary care, to have made a proper inspection of the premises and to have removed the danger." *Mucsi*, 31 P.3d at 689. Specifically, Plaintiff has submitted evidence that, based on the weather conditions, the ice that caused Plaintiff's fall would have been present when the Pinnacle maintenance man, Michael Kapsiak, began working at 8 a.m. and that, given that Plaintiff's fall did not occur until approximately 11:15 a.m., Mr. Kapsiak had over three hours to properly inspect the premises and take care of any dangerous conditions. (*See* Dkt. No. 14 at 23;

Dkt. No. 17 at 7-10.) Plaintiff has also identified evidence that could be taken to suggest that Mr. Kapsiak did not properly inspect the property and attend to potential dangers. For example, according to a report from Pinnacle's community manager, written four days after Plaintiff's fall, Mr. Kapsiak had been instructed in the morning – sometime between 9:22 a.m. and 10:15 a.m. – to "deice[] the property beginning with the hill," but had instead deiced only the hill before switching to working on residential work orders. (Dkt. No. 15-5 at 47.)[1]

Thus, viewing the evidence in the light most favorable to Plaintiff, and drawing all justifiable inferences in Plaintiff's favor, the Court finds that a "genuine issue of material fact" exist as to whether Defendants breached their duty of care as landowners. Accordingly, summary judgment is not appropriate.

### d. The Notice Requirement

The Court will now address another issue that is hotly disputed by the parties. Defendants claim that Plaintiff must make a showing of either actual or constructive notice of the icy patch where Plaintiff fell in order to support her contention that they acted unreasonably in failing to maintain safe conditions in the area. However, Plaintiff claims that Washington law does not require her to show actual or constructive notice of the unsafe condition in this case since it was "reasonably forseeable." (Dkt. No. 14 at 23-24.) In Plaintiff's view, therefore, the notice requirement for a landowner negligence claim can be established through a showing of actual or constructive notice of the unsafe condition or a showing that the unsafe condition was "reasonably forseeable." In support of this position, Plaintiff points to the Washington Supreme Court's decision in *Iwai v. State*, 915 P.2d 1089 (Wash. 1996).

In *Iwai*, the Washington Supreme Court allowed a plaintiff to proceed with a landowner

_____

[1] Subsequently, in her deposition, Ms. Johnson cast doubt on the notion that Mr. Kapsiak would have been expected to deice the area where Plaintiff fell. However, a jury may well find Ms. Johnson's earlier recollection more credible, and the Court does not make credibility assessments at the summary judgment stage; to the contrary, all evidence is considered in the light most favorable to the non-movant.

negligence claim without showing actual or constructive notice where the unsafe condition was "reasonably forseeable." *Id.* at 1097. The *Iwai* case involved allegations that the plaintiff had slipped and fallen on snow or ice on an inclined section of the landowners' parking lot. *Id.* at 1090. The court agreed with the trial court that the plaintiff had not met the ordinary notice requirement since she had not submitted evidence supporting the claim that the landowners were actually aware of the icy patch where she allegedly slipped (actual notice), or, alternatively, that the specific icy patch allegedly causing Plaintiff's fall had existed long enough for Defendants to become aware of it (constructive notice). *Id.* at 1095. However, the court found that a strict application of the notice requirement was not appropriate because there was evidence that the landowner had "general knowledge of the situation" in that the landowner "knew the inclined section of the parking lot became a treacherous slippery slope during the winter months when covered with snow or ice." *Id.* at 1097. The court concluded that "if the risk was forseeable, [the landowner] should have maintained a vigilant watch for dangerous buildups of ice and snow." *Id.*

While the *Iwai* decision was a plurality opinion and thus does not constitute binding precedent, the Washington Supreme Court has subsequently referenced *Iwai* and indicated that "actual or constructive notice *or forseeability*" of the unsafe condition will suffice to support a landowner negligence claim. *Musci*, 31 P.3d at 691 (emphasis added). For this reason, this Court believes that, if confronted with the issue in the future, the Washington Supreme Court would most likely affirm *Iwai*'s liberal treatment of the notice requirement with respect to landowner negligence claims. Therefore, applying the *Iwai* principle, the Court holds that Plaintiff may prevail on her negligence claim in this case by showing <u>either</u> actual or constructive notice of the unsafe condition <u>or</u> that the unsafe condition was reasonably forseeable.

1    **III.    CONCLUSION**

2            Therefore, for the foregoing reasons, Defendants' motion for summary judgment (Dkt.

3    No. 11) is DENIED.

4            DATED this 8th day of March 2012.

5

6

7            _____

8            John C. Coughenour
             UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26